KAREN L. HANKS, ESQ.
Nevada Bar No. 9578
E-mail: karen@hankslg.com
CHANTEL M. SCHIMMING, ESQ.
Nevada Bar No. 8886
E-mail: chantel@hankslg.com
HANKS LAW GROUP
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
Telephone: (702) 758-8434
*Attorneys for SFR Investments Pool 1, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING; DOES I through X; ROE BUSINESS ENTITIES I through X, inclusive, | |
| Defendants. | |

SFR Investments Pool 1, LLC hereby files its complaint against the above-named defendants as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, SFR Investments Pool 1, LLC ("SFR"), at all relevant times stated herein, is and was a Nevada limited liability company with its principal place of business in Nevada.

2. Upon information and belief, Defendant, NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") is a Delaware limited liability company with its principal place of business in Greenville, South Carolina and that conducts business in Nevada.

3. Upon information and belief, each of the defendants sued herein as DOES I through X, inclusive claim an interest in the Property or are responsible in some manner for the events and action that plaintiff seeks to enjoin; that when the true names capacities of such defendants become

known, plaintiff will ask leave of this Court to amend this complaint to insert the true names, identities and capacities together with proper charges and allegations.

4.   Upon information and belief, each of the defendants sued herein as ROE BUSINESS ENTITIES I through X, inclusive claim an interest in the Property or are responsible in some manner for the events and happenings herein that plaintiff seeks to enjoin; that when the true names capacities of such defendants become known, plaintiff will ask leave of this Court to amend this complaint to insert the true names, identities and capacities together with proper charges and allegations.

5.   This lawsuit arises out of the pending foreclosure proceedings on the property located at **6451 Hamilton Grove Avenue, Las Vegas, NV   89122, Parcel No. 161-15-714-026** (the "Property"). Because the Property is located within Clark County, Nevada, jurisdiction and venue are proper in this Court.

## GENERAL ALLEGATIONS

6.   SFR obtained title to the Property on October 19, 2012, by successfully bidding on the Property at a publicly-held foreclosure auction in accordance with NRS 116.3116, *et. seq.*

7.   On October 25, 2012, the resulting foreclosure deed was recorded in the Official Records of the Clark County Recorder as Instrument No.:  201210250001436.

8.   A deed of trust which identified Republic Mortgage LLC dba Republic Mortgage ("Republic") as the Lender, and Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as a nominee for Republic and its successors and assigns, as beneficiary, was recorded in the Official Records of the Clark County Recorder against the Property on January 25, 2006, as Instrument No.:  200601250004167 ("Deed of Trust").

9.   On July 29, 2008, a Notice Default and Election to Sell Under Deed of Trust was recorded against the Property in the Official Records of the Clark County Recorder as Instrument No.: 200807290003742 ("First NOD").

10. The First NOD indicates the Borrower became delinquent on March 1, 2008.

11. The First NOD further states the beneficiary "has declared and does hereby declare all sums secured thereby immediately due and payable… ."

12. Upon information and belief, the beneficiary of the Deed of Trust declared all sums secured by the Deed of Trust wholly due before it recorded the First NOD, but in no event later than July 29, 2008, the date it recorded the First NOD.

13. On January 11, 2022, a Notice of Rescission regarding the First NOD was recorded against the Property as Instrument No. 202201110001762. While the recission attempts to rescind the prior acceleration, under NRS 104.3118(1), after July 29, 2014, at the latest, the Bank could no longer rescind the acceleration.

14. Upon information and belief, per Paragraph 22 of the Deed of Trust, a notice of acceleration or notice of intent to accelerate was sent to the borrower well before July 29, 2008, and the beneficiary accelerated the loan prior to July 29, 2008, but in no event later than that date, thus making the 2022 Notice of Rescission ineffective, as it was recorded well past the 10-year time period in NRS 106.240.

15. On January 11, 2022, a Notice of Breach and Default and of Election to Cause Sale of Real Property under Deed of Trust was recorded against the Property in the Official Records of the Clark County Recorder as Instrument No.: 202201110001763 ("Second NOD").

16. On January 23, 2022, upon receipt of the Second NOD, SFR prepared a request for statements pursuant to NRS 107.200 and NRS 107.210 to Shellpoint at the address provided on the NOD ("SFR's Request") .

17. As part of the request, SFR specifically included a request for a copy of the Promissory Note pursuant to NRS 107.260.

18.  SFR's Request was mailed to Shellpoint on January 24, 2022 via PM Express 1-Day and delivered to Shellpoint on January 25, 2022 at 10:22 am.

19. To date, SFR has not received a response from Shellpoint.

20. On April 14, 2022, a Notice of Trustee's Sale ("Notice of Sale") was recorded against the Property in the Official Records of the Clark County Recorder as Instrument No.: 202204140001360, scheduling a foreclosure sale for **May 13, 2022 at 9:00 AM.**

## FIRST CAUSE OF ACTION
### (Quiet Title – NRS 40.010)

21. SFR repeats and re-alleges the allegations of paragraphs 1-20 as though fully set forth herein and incorporates the same by reference.

22. Currently recorded against the Property is a Deed of Trust recorded as Instrument No.: 200601250004167.

23. Defendant, Shellpoint, may claim an adverse interest in the Property through the Deed of Trust.

24. The Promissory Note and Deed of Trust were split at origination.

25. Upon information and belief, the Promissory Note and Deed of Trust have not been reunited.

26. Upon information and belief, the Deed of Trust was not properly assigned to Shellpoint.

27. Upon information and belief, Shellpoint does not possess the original wet-ink Note.

28. Upon information and belief, Shellpoint does not have authority to foreclose.

29. Without proper authority to foreclose, the recording of the Notice of Default and Notice of Sale are invalid and should therefore be cancelled.

30. Based on the foregoing, SFR is entitled to cancellation of the Notice of Default and the Notice of Sale, and if left outstanding, SFR will suffer serious injury, including, but not limited to, loss of the Property

31. Upon information and belief, all sums secured by the Deed of Trust were accelerated prior to but in no event later than July 29, 2008, making all sums under the Promissory Note wholly due and immediately payable.

32. At no time within six years after acceleration did Shellpoint, its predecessors in interest, or any other entity claiming an interest in the Deed of Trust, or their agents, take any clear and unequivocal affirmative act necessary to decelerate the loan.

33. Pursuant to NRS 104.3118(1), after July 29, 2014, Shellpoint could not rescind the acceleration.

34. By virtue of the acceleration, pursuant to NRS 106.240, the Deed of Trust was terminated/discharged prior to but in no event later than July 29 2018.

35. SFR is entitled to cancellation of the Deed of Trust; and, if left outstanding, SFR will suffer serious injury.

36. Shellpoint is pursuing foreclosure, and if permitted to continue such foreclosure efforts, a sale can take place as early as May 13, 2022.

37. Failure to deem the Deed of Trust terminated may result in damages, including, but not limited to, loss of the Property

### SECOND CAUSE OF ACTION
**(Violation of NRS 107.200 *et seq*.)**

38. SFR repeats and realleges the allegations of paragraphs 1-37 as though fully set forth herein and incorporate the same by reference.

39. Pursuant to NRS 107.200, the beneficiary of a deed of trust shall, within 21 days after receiving a request from a person authorized to make such a request pursuant to NRS 107.220, provide to that person a statement regarding the debt secured by the deed of trust.

40. Pursuant to NRS 107.210, the beneficiary of a deed of trust shall, within 21 days after receiving a request from a person authorized to make such a request pursuant to NRS 107.220, provide to that person a statement of the amount necessary to discharge the debt secured by the deed of trust.

41. Shellpoint is reflected in the public records as the current beneficiary of record of the Deed of Trust on the Property.

42. As stated in the Second NOD, Shellpoint is also purporting to be the current holder of the Note secured by the Deed of Trust.

43. As stated in the Second NOD, Shellpoint is also purporting to be the current servicer for the obligation secured by the Deed of Trust.

44. Pursuant to NRS 107.220(1)(a), a successor in interest to the grantor of the property which

is the subject of the deed of trust is a person authorized to make such a request.

45. SFR, by virtue of having purchased the Property at the Association Foreclosure Sale, is the successor in interest to the grantor.

46. In a letter dated January 23, 2022, SFR made a request to Shellpoint for the statements required to be provided under NRS 107.200 and 107.210.

47. SFR's Request for the statements described in NRS 107.200 and 107.210 specifically included a request for a copy of the Promissory Note pursuant to NRS 107.260.

48. Shellpoint did not respond to SFR's Request pursuant to NRS 107.200 *et seq*.

49. Shellpoint has willfully failed to deliver the statements pursuant to NRS 107.200 and 107.210 within 21 days after they were requested.

50. Shellpoint has further willfully failed to deliver a copy of the Promissory Note pursuant to NRS 107.260 within 21 days after it was requested.

51. Because Shellpoint has willfully failed to respond to SFR's requests, SFR has been unable to obtain the full details regarding the debt secured by the deed of trust as set forth under NRS 107.200.

52. Because Shellpoint has willfully failed to respond to SFR's requests, SFR has been unable to determine the accurate amount necessary to discharge the debt secured by the Deed of Trust as set forth under NRS 107.210.

53. Because Shellpoint has willfully avoided providing SFR with a copy of the Promissory Note, SFR is unable to determine who has possession of the Promissory Note.

54. Because Shellpoint has willfully avoided providing SFR with a copy of the Promissory Note, SFR is unable to determine whether or not the Promissory Note includes the proper endorsements to establish proper ownership of the Promissory Note at all relevant times and thus, authority to foreclose.

55. As a result of Shellpoint's obstructionist practice of willfully refusing to and/or failing to timely, completely and accurately respond to requests made pursuant to NRS 107.200 *et seq*., it is futile for SFR to continue to request said information from Shellpoint.

56. As a direct and proximate cause of Shellpoint's violations of NRS 107.200 *et seq*., pursuant to NRS 107.300, SFR is entitled to mandatory damages as follows: (a) damages of $300.00 and any actual damages suffered as a result of their willful violations of NRS 107.200 *et seq*.

57. Because Shellpoint did not take any action to respond to SFR's requests for statements pursuant to NRS 107.200, 107.210 and NRS 107.260, SFR has or will incur damages, including, but not limited to, loss of the Property and attorney fees and costs for having to bring the instant action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Shellpoint as follows:

1. A declaration the Notice of Default recorded as Instrument No.: 202201110001763 and Notice of Sale recorded as Instrument No.: 202204140001360 are void and invalid.

2. A declaration the Deed of Trust recorded January 25, 2006, as Instrument No.: 200601250004167 has been terminated/discharged.

3. A declaration cancelling the May 13, 2022, trustee's sale.

4. A declaration that Shellpoint does not have authority to foreclose on the Property.

5. For a preliminary and permanent injunction that Shellpoint, and its successors, assigns and agents are prohibited from initiating or continuing foreclosure proceedings, and from selling or transferring the Property.

6. That Shellpoint be permanently enjoined from interfering with SFR's and its tenants' right to quiet enjoyment of the Property.

7. For general and special damages.

8. For costs of suit incurred herein; and

9. For such other and further relief the Court deems proper.

DATED this 14th day of April, 2022.

HANKS LAW GROUP

*/s/ Chantel M. Schimming*
CHANTEL M. SCHIMMING, ESQ.
Nevada Bar No. 8886
*Attorneys for SFR Investments Pool 1, LLC*