**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, ) </br> ) </br> Plaintiff, ) </br> vs. ) </br> ) </br> NEWREZ LLC D/B/A SHELLPOINT ) </br> MORTGAGE SERVICING, ) </br> ) </br> Defendant. ) </br> ) | Case No.: 2:22-cv-00626-GMN-EJY </br></br> **ORDER** |

Pending before the Court is the Motion to Dismiss Counterclaims, (ECF No. 21), filed by Plaintiff/Counterclaim Defendant SFR Investments Pool 1, LLC ("SFR"). Defendant/Counterclaimant Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") filed a Response, (ECF No. 29), and SFR filed a Reply, (ECF No. 30).

For the reasons discussed below, the Court GRANTS in part and DENIES in part SFR's Motion to Dismiss Counterclaims.

**I.   BACKGROUND**

This case arises out of Shellpoint's pursuit of foreclosure on the property located at 6451 Hamilton Grove Avenue, Las Vegas, NV 89122, Parcel No. 161-15-714-026 (the "Property"). (Compl. ¶¶ 5, 36, ECF No. 1). The Court previously granted SFR's Motion for Preliminary Injunction and enjoined Shellpoint from continuing foreclosure proceedings on the Property during the pendency of this case. (Order 10:22–24, ECF No. 22). The Court incorporates the background information about the Property from its previous Order, (ECF No. 22).

///

///

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Shellpoint intends to voluntarily dismiss its causes of action for tortious interference with contractual relations, abuse of process, and slander of title. (Resp. 2:3–4). Accordingly,

///

the Court DISMISSES these claims with prejudice. The Court discusses Shellpoint's remaining counterclaims for quiet title and equitable lien in turn.

### A. Quiet Title

Under NRS § 40.010, "[a]n action may be brought by any person against another who claims an . . . interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." A quiet title claim "does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question.'" *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013).

SFR argues that Shellpoint's quiet title counterclaim fails because it offers no "independent adverse claim" against SFR, a requirement SFR seemingly constructs from a strained reading of NRS § 40.010. (Mot. Dismiss, 3:2–9, ECF No. 21). SFR further contends that Shellpoint's quiet title claim is just a "re-packaging of its defense" rather than a stand-alone quiet title claim. (*Id.* 3:6–7). Recent decisions from this Court have rejected SFR's argument in almost identical cases against Shellpoint concerning different properties. *See, e.g.*, *SFR Invs. Pool 1, LLC v. NewRez LLC* ("*SFR I*"), No. 2:22-cv-00411-JAD-DJA, 2022 WL 16721563, at *1 (D. Nev. Nov. 4, 2022); *SFR Invs. Pool 1, LLC v. NewRez LLC* ("*SFR II*"), No. 2:22-cv-195-JCM-BNW, 2022 WL 17061225, at *4 (D. Nev. Nov. 17, 2022).

The Court follows this precedent and again rejects SFR's argument that Shellpoint cannot bring a quiet title counterclaim. "[SFR] itself seeks to bring a quiet title claim in this case. It cannot simultaneously disclaim [Shellpoint's] ability to bring the same claim in the same court under the same facts." *SFR II*, 2022 WL 17061225, at *4. The Court finds that Shellpoint has sufficiently alleged its quiet title counterclaim and DENIES SFR's Motion on this issue.

///

///

### B.   Equitable Lien

As an alternative to its quiet title claim, Shellpoint argues that the Court should impose an equitable lien on the Property. (Answer/Counterclaim ¶ 74, ECF No. 15).  "An equitable lien is a remedy, not an independent cause of action." *SFR II*, 2022 WL 17061225, at *5; *see also Am. Sterling Bank v. Johnny Mgmt. LV, Inc.*, 245 P.3d 535, 538 (Nev. 2010) ("[D]istrict courts have full discretion to fashion and grant equitable remedies."); *Korte Constr. Co. v. State on Rel. of Bd. of Regents of Nevada Sys. of Higher Educ.*, 492 P.3d 540, 541 (Nev. 2021) ("Nevada recognizes that equitable remedies are generally not available where the plaintiff has a full and adequate remedy at law.").

Rather than argue that Shellpoint's equitable lien counterclaim fails because an equitable lien is not a cause of action, SFR argues that an equitable lien does not apply here because an "equitable lien is only appropriate where a party keeps money belonging to another to purchase real property." (Mot. Dismiss 5:22–24) (citing *Maki v. Chong*, 75 P.3d 376 (2003)).  The Court notes that a previous decision from this Court denied a motion to dismiss Shellpoint's equitable lien counterclaim in a nearly identical case because "it does not appear that Nevada law limits equitable liens only to situations in which the defendant uses the plaintiff's funds to buy real property." *SFR I*, 2022 WL 16721563, at *2.  The Court agrees that the doctrine of equitable liens is not so limited and rejects SFR's argument that an equitable lien does not apply here. Nonetheless, the Court concludes that Shellpoint's counterclaim for an equitable lien does not state a cause of action.  Accordingly, the Court GRANTS the Motion to Dismiss as to Shellpoint's equitable lien counterclaim but "reserves the ability to impose an equitable lien as relief." *See SFR II*, 2022 WL 17061225, at *5.

///

///

///

## V.    CONCLUSION

**IT IS HEREBY ORDERED** that SFR's Motion to Dismiss, (ECF No. 21), is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Shellpoint's counterclaims for tortious interference with contractual relations, abuse of process, and slander of title are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Shellpoint's counterclaim for an equitable lien is **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that if Shellpoint seeks to amend the counterclaim dismissed without prejudice in this Order, Shellpoint shall have twenty-one days from the date of this Order to do so.

**DATED** this __4__ day of January, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT