UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC,<br><br>                      Plaintiff,<br>vs.<br><br>NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING,<br><br>                      Defendant. | Case No.: 2:22-cv-00626-GMN-EJY<br><br>ORDER |

Pending before the Court is the Federal Housing Finance Agency's ("FHFA") Motion to Intervene, (ECF No. 35). Plaintiff and Counter-Defendant SFR Investments Pool 1, LLC ("SFR") filed a Response, (ECF No. 49), to which FHFA filed a Reply, (ECF No. 53).

For the reasons discussed below, the Court **GRANTS** FHFA's Motion to Intervene.

**I.    BACKGROUND**

This case arises out of Shellpoint's pursuit of foreclosure on the property located at 6451 Hamilton Grove Avenue, Las Vegas, NV 89122, Parcel No. 161-15-714-026 (the "Property"). (Compl. ¶¶ 5, 36, ECF No. 1). The Court previously granted SFR's Motion for Preliminary Injunction and enjoined Shellpoint from continuing foreclosure proceedings on the Property during the pendency of this case. (Preliminary Injunction Order 10:22–24, ECF No. 22). The Court incorporates the background information about the Property from its previous Preliminary Injunction Order, (ECF No. 22).

Originally, the parties stipulated to a discovery plan which set the discovery cut-off on December 19, 2022. (*See* Stip. Discovery Plan 2:1–4, ECF No. 24). However, on December 1, 2022, the parties submitted a stipulation and order extending the discovery cut-off to February

17, 2023. (See Stip. Extend Time 4:22–23, ECF No. 34). On December 2, 2022, FHFA filed the present Motion to Intervene, (ECF No. 35), which the Court discusses below.

## II. LEGAL STANDARD

Fed. R. Civ. P. 24 includes provisions for intervention of right and permissive intervention. "On timely motion," the court must permit anyone to intervene as a matter of right who:

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). The rule governing permissive intervention indicates that the court has discretion to allow one to intervene who:

> (A) is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1).

## III. DISCUSSION

FHFA argues that its intervention is warranted under Rule 24 for three reasons: (1) as a right under Rule 24(a)(1) because it has a statutory right to intervene as Fannie Mae's conservator in any action in which Fannie Mae is a party; (2) as a right under Rule 24(a)(2) because it meets those requirements as regulator and conservator; and (3) because it meets the requirements for permissive intervention under Rule 24(b)(1) as regulator and conservator. (Mot. Intervene 5:3–11:6, ECF No. 35); (Reply 1:24–11:27, ECF No. 53).

Regardless of which theory FHFA advances under, "[i]ntervention, both of right and by permission, can occur only '[o]n timely motion.'" *Peruta v. Cty. of San Diego*, 771 F.3d 570,

572 (9th Cir. 2014) (quoting Rule 24).  Accordingly, the Court will first consider whether FHFA's Motion to Intervene is timely.

### A. Timeliness

The Ninth Circuit has characterized the timeliness factor as "a flexible concept" left to the discretion of district courts. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (citation omitted).  The timeliness factor for intervention as a matter of right is treated more leniently than for permissive intervention. *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (citation omitted).  To that end, courts focus on three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the reason for and length of the delay; and (3) the prejudice to other parties. *Smith v. Los Angeles Unified Sch. Dist.*, No. 830 F.3d 843, 854 (9th Cir. 2016) (citing *Alisal Water*, 370 F.3d at 921).  A proposed intervenor bears the burden of meeting these elements, but "the requirements for intervention are [to be] broadly interpreted in favor of intervention." *Id*. at 853 (citing *Alisal Water*, 370 F.3d at 919); *see also Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir. 1983) (Rule 24(a) requirements are construed in favor of the applicant).

Courts must assess the totality of the circumstances "bear[ing] in mind that the crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties[,]" not the date the proposed intervenor learned of the litigation. *Smith*, 830 F.3d at 854 (citation and internal quotation omitted).

#### 1. Stage of the Proceedings

FHFA contends that the stage of the proceedings weighs in favor of intervention because discovery remains open, Shellpoint has yet to file an answer, and FHFA's intervention would not require any discovery the parties did not already anticipate because it seeks to raise only "statutory defenses that present pure questions of law." (Reply 2:5–3:13).  In rebuttal, SFR

argues that this case is far from "its infancy" because there are "only [thirty-four] business days left in discovery" at the time of its filing, and following the Court's Motion to Dismiss Order, Shellpoint only has two counterclaims remaining, specifically its quiet title and equitable liens claims. (Resp. 2:17–3:6).

The "stage of the proceedings" factor focuses on "what had already occurred" by the time prospective intervenors sought intervention. *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997). Stated another way, "[r]ather than promote form over substance with regard to procedural matters, the court should focus on what has already occurred, instead of what has yet to occur." *Lin v. Suavei, Inc.*, No. 3:20-cv-0862, 2023 WL 1870069, at *3 (S.D. Cal. Feb. 9, 2023) (citing *Wilson*, 131 F.3d at 1303). Where a "district court has substantively—and substantially—engaged the issues in th[e] case," a delay can weigh strongly against intervention." *Western Watersheds Project v. Haaland*, 22 F.4th 828, 836 (9th Cir. 2022). In *Wilson*, the Ninth Circuit affirmed the denial of a motion to intervene as untimely where multiple proceedings had already occurred, including the issuance of a temporary restraining order, a preliminary injunction, an appeal of the preliminary injunction to the Ninth Circuit, and a partial grant of summary judgment. *Wilson*, 131 F.3d at 1303.

The stage of the proceedings weighs in favor of intervention. While the Court has ruled on SFR's Motion for Preliminary Injunction and Motion to Dismiss, it has not substantively and substantially engaged the issues in the case. *See Alaska Airlines, Inc. v. Schurke*, No. 11-cv-0616, 2013 WL 12250544, at *2 (W.D. Wash. Feb. 25, 2013) (determining the stage of proceedings did not weigh against intervention where "the court has only decided a preliminary issue of ripeness, dismissed the complaint once, and allowed Alaska to file an amended complaint. Since then, the parties have engaged in discovery but the court has not decided any major issue"); *Acosta v. Huppenthal*, No. 10-cv-623, 2012 WL 1282994, at *2 (D. Ariz. Feb. 6, 2012) (finding the stage of the proceedings did not weigh against intervention where the court

had already ruled on the plaintiffs' motion for preliminary injunction and motion to dismiss); *S. Yuba River Citizens League and Friends of the River v. Nat'l Marine Fisheries Svc.*, 2007 WL 3034887, at *12 (E.D. Cal. Oct. 16, 2007) (allowing intervention where the only substantive motion filed was motion to dismiss, no discovery had been conducted, and party moved for intervention before dispositive motion filing deadline). Although SFR is correct that discovery was nearly completed when FHFA filed its Motion to Intervene, the "resolution of the liability and remedies phase" of this case is "not imminent." *McIver v. KW Real Estate/Akron Co., LLC*, No. 13-cv-306, 2016 WL 8230634, at *3 (C.D. Cal. June 15, 2016). Therefore, this factor weighs in favor of timely intervention.

### 2. Reason For and Length of Delay

FHFA contends that the reason and length of delay factor militates in favor of intervention because the Ninth Circuit has generally "held that delays in months[,]" like here, "are timely, while delays measured in years are untimely." (Reply 5:22–23). Moreover, FHFA maintains it "has not delayed moving for intervention as it has been on notice of the threat to enjoin its ability to protect its interest in this action for only a short time." (Mot. Intervene 7:16–18). In rebuttal, SFR contends that FHFA's proffered justification for its delay is meritless because the Court's Preliminary Injunction Order was entered five months before it filed the instant Motion to Intervene and eight months after SFR filed its Complaint. (Resp. 3:16–4:4).

The Ninth Circuit has held that "prejudice to existing parties is 'the most important consideration in deciding whether a motion for intervention is untimely.'" *Smith*, 830 F.3d at 857 (quoting *State of Or.*, 745 F.2d at 552). Thus, in assessing prejudice, the Ninth Circuit has emphasized that,

> The only "prejudice" that is relevant under this factor is that which flows from a prospective intervenor's failure to intervene *after* he knew, or reasonably should have known, that his interests were not being adequately represented—and not

from the fact that including another party in the case might make resolution more "difficult[.]" *Id*. (emphasis added).

Here, FHFA's argument solely focuses on the length of the delay rather than the reason(s) underlying the delay. (Reply 5:17–6:21). Indeed, FHFA's purported reason for its delay is that it "has been on notice of the threat to enjoin its ability to protect its interest in this action for only a short time." (Mot. Intervene 7:16–17). But this conclusory statement does not provide any meaningful explanation for FHFA's delay. *See League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1304 (9th Cir. 1997) ("Even more damaging to [the applicant's] motion . . . is its failure to adequately to explain—either in its original motion to the district court, in its opening or reply briefs to the court . . . the reason for its delay"). It neither explains when FHFA actually learned of its interest nor why the date it learned of its interest is not unreasonable considering the circumstances. *See Lee*, 2016 WL 324015, at *7 ("Even a length delay, however, 'is not as damaging as a failure to adequately explain the reason for the delay.'") (citation omitted). "The holding in *Smith* makes clear that when prospective intervenors *learned* or *should have learned* about their interest . . . is fundamental to the assessment of prejudice." *Chevron Envtl. Mgmt. Co. v. Envtl. Prot. Corp.*, 335 F.R.D. 316, 323 (E.D. Cal. May 19, 2020) (citing *Smith*, 830 F.3d at 857) (emphasis added).

Federal law mandates prospective intervenors to intervene "as soon as [they] know or has reason to know that [their] interests might be adversely affected by the outcome of the litigation." *Cal. Dept. of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002). In the absence of an explanation from FHFA when it actually learned of its interest, the Court will conclude that FHFA should have known of its interest after SFR moved for a preliminary injunction in June 2022 and measure SFR's prejudice from this date. (*See generally* Mot. Prelim. Inj., ECF No. 14). Therefore, the length of delay

///

between SFR filing its Motion for Preliminary Injunction and FHFA' Motion to Intervene is approximately six months.

At the outset, the Court notes that "[u]njustified delay should not be encouraged, since the Ninth Circuit has emphasized that '[a] party seeking to intervene must act as soon as he knows or has reason to know that his interest might be adversely affected by the outcome of the litigation." *Sage Electrochromics, Inc. v. View, Inc.*, No. 12-cv-06441, 2013 WL 6139713, at *2 (N.D. Cal. 2013) (quotation omitted).  While unexplained, "the six-month delay at issue here is not extraordinary." *Droplets, Inc. v. Yahoo! Inc.*, No. 12-cv-03733, 2019 WL 9443778, at *5 (N.D. Cal. Nov. 19, 2019) (citing *Sage Electrochromics, Inc.*, 2013 WL 6139713, at *2 (finding that, while unexplained, a seven-month delay was not extraordinary); *see Defenders of Wildlife v. Johanns*, No. 04-cv-4512, 2005 WL 3260986, at *3 (N.D. Cal. Dec. 1, 2005) (permitting intervention where intervenor waited eight months to intervene).  And "[a]lthough delay can strongly weigh against intervention, the mere lapse of time, without more, is not necessarily a bar of intervention." *Alisal Water Corp.*, 370 F.3d at 921.

In sum, although the length of FHFA's delay does not weigh against intervention, its lack of explanation justifying the delay does.  On balance, this factor weighs slightly in favor of intervention because FHFA's delay is not extraordinary. *See Wilson*, 131 F.3d at 1304.

### 3. Prejudice to the Other Parties

SFR claims it would be prejudiced by FHFA's intervention because FHFA seeks to insert new defenses on the eve of discovery's end. (Resp. 3:7–11).  Additionally, SFR contends that FHFA's intervention would be prejudicial because it effectively seeks to reverse the Court's Preliminary Injunction Order. (*Id*. 3:11–15).

"[P]rejudce to existing parties is 'the most important consideration in deciding whether a motion for intervention is untimely." *Oregon*, 745 F.2d at 552.  To determine prejudice in the context of a timeliness analysis, the Court must consider the prejudice resulting from delayed

intervention, and not the prejudice that results from intervention itself. *See Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007) ("[T]hat the [applicant] is filing its Motion now, rather than earlier in the proceedings, does not cause prejudice . . . since the practical result of its intervention . . . would have occurred whenever the state joined the proceedings."). Therefore, the Court's prejudice analysis focuses on the "harm arising from late intervention as opposed to early intervention." *Lee v. Pep Boys-Manny Moe & Jack of California*, No. 12-cv-05064, 2016 WL 324015, at *3 (C.D. Cal. June 15, 2016).

      Notably, FHFA asserts that its intervention will require no additional discovery because it intends to assert purely legal issues. (Reply 3:20–23). Thus, the fact that FHFA filed its Motion close to the discovery deadline will not prejudice SFR because its intervention will not extend the discovery process. *See United States v. Brooks*, 164 F.R.D. 501, 503 (D. Or. 1995) ("Because CFP does not anticipate extending discovery beyond the scope of that conducted by the State, the United States will not be prejudiced in any way if CFP intervenes at this point in the proceedings."). SFR's only other cognizable prejudice concerns whether FHFA's intervention will result in the parties relitigating the Court's Preliminary Injunction Order. (*See* Mot. Intervene 1:26–2:3) ("FHFA intends to intervene for the limited purposes of (1) asserting certain affirmative defenses under federal law . . . (2) moving to dissolve the preliminary injunction; and (3) thereby contesting SFR's claims.").

      Generally speaking, district courts within the Ninth Circuit have found that relitigating or re-opening decided issues is prejudicial. *See E&B Natural Res. Mgm't Corp. v. Cnty. of Alameda*, No. 18-cv-05857, 2019 WL 5697912, at *6 (N.D. Cal. Nov. 4, 2019) ("Further, the Center represents that it will not revisit any resolved issues, and its proposed cross-motion on the vested rights issue will not derail the established schedule."); *EEOC v. Georgia-Pacific Corrugated LLC*, No. 07-cv-03944, 2008 WL 11388687, at *7 (N.D. Cal. Apr. 9, 2008) ("'Prejudice' in the context of a motion to intervene may exists where intervention would raise

new issues, *re-open decided issues*, unnecessarily prolong litigation, threaten settlement, or delay remedies.") (citing *Alisal Water*, 370 F.3d at 922) (emphasis added); *Center for Investigative Reporting v. U.S. Dep't of Labor*, No. 4:19-cv-01843, 2020 WL 554001, at *2 (N.D. Cal. Feb. 4, 2020) ("The Court is inclined to deny the motion insofar as it seeks intervention to relitigate or reconsider matters decided . . . ."); *but see Sawyer v. Bill Me Later, Inc.*, No. 10-cv-04461, 2011 WL 1321728, at *5 (C.D. Cal. Aug. 8, 2011) ("The Court cannot find that Movant's intervention would prejudice Plaintiff merely based on Movant's desire to re-litigate issues."). Nevertheless, the Court is not persuaded that relitigating the Court's Preliminary Injunction Order is inherently prejudicial when considering the temporary nature of the relief afforded by the Order. *See Native Ecosystems Council v. Marten*, No. 18-cv-87, 2018 WL 5620658, at *1 (D. Mont. Oct. 30, 2018) ("[W]hile the Court has granted Plaintiff's request for a preliminary injunction of the North Hebgen Project, the Court has yet to make any substantive rulings and summary judgment briefing has not yet been received. Consequently, the Court does not find that Sun Mountain's intervention would prejudice either of the Parties."). Therefore, this factor weighs in favor of intervention.

"Ultimately, the timeliness inquiry requires the Court to consider all of the circumstances." *Lee*, 2016 WL 324015, at *8 (citing *NAACP v. New York*, 413 U.S. 345, 366 (1973). On balance given that the Court has not substantively and substantially engaged the issues in this case, the length of FHFA's delay is not extraordinary, and the lack of prejudice to SFR in granting intervention, the Court concludes that FHFA's Motion to Intervene is timely.

///
///
///
///
///

### B. Intervention – As of Right or Permissive

Having determined that FHFA's Motion to Intervene is timely, the Court must now examine whether FHFA's intervention is warranted under Rule 24. As stated, FHFA argues that its intervention is warranted under Rule 24 for three reasons: (1) as a right under Rule 24(a)(1) because it has a statutory right to intervene as Fannie Mae's conservator in any action in which Fannie Mae is a party; (2) as a right under Rule 24(a)(2) because it meets those requirements as regulator and conservator; and (3) because it meets the requirements for permissive intervention under Rule 24(b)(1) as regulator and conservator. (Mot. Intervene 5:3–11:6); (Reply 1:24–11:27). The Court will first examine whether intervention is appropriate as of right under Rule 24(a)(1).

#### 1. Fed. R. Civ. P. 24(a)(1) - Intervention as Of Right

SFR argues that HERA does not grant FHFA a statutory right to intervene because the act does not explicitly discuss intervention. (Resp. 4:8–24). In response, FHFA contends that, given the expansive authority conferred on FHFA conservator, an express grant of the right to intervene is not necessary. (Reply 6:23–8:18).

Courts must permit intervention as of right for "anyone who: (1) is given an unconditional right to intervene by federal statute[.]" Rule 24(a)(1). Prior districts courts which have considered this exact question have concluded that FHFA has a statutory right to intervene because of the expansive authority conferred on FHFA as conservator. *See Banneck v. Federal Nat. Mortg. Ass'n*, No. 3:17-cv-04657, 2018 WL 3417477, at *3 (N.D. Cal. July 13, 2018) (noting that FHFA had an "'unconditional right' to intervene as a right as conservator under HERA") (citation omitted); *Milwaukee Cnty. v. Federal Nat. Mortg. Ass'n*, No. 12-cv-0732, 2013 WL 3490899, at *1 (E.D. Wis. July 10, 2013) ("Based upon the FHFA's expansive authority as a Conservator, the court finds that it has a right to intervene pursuant to Fed. R. Civ. P. 24(a)."); *Hertel v. Bank of America*, No. 1:11-cv-757, 2012 WL 48680, at *1 (W.D.

Mich. Jan. 9, 2012) (observing that "given the expansive authority conferred on FHFA as conservator, an express grant of the right to intervene would be superfluous"); *Oakland Cnty. v. Federal Nat. Mortg. Ass'n*, 276 F.R.D. 491, 495 (E.D. Mich. 2011) ("This Court views Congress's broad grant of authority to the Agency under 12 U.S.C. § 4617(b)(2)(A)(i), (b)(2)(B)(i) to include the right to participate in the defense of Fannie Mae and Freddie Mac's assets."); *but see My Home Now, LLC v. Bank of Am., N.A.*, No. 2:14-cv-01957, 2015 WL 4276100, at *2 (D. Nev. July 13, 2015) ("The Court fails to see how this statute, which empowers the FHFA to protect the assets and interests of regulated entities, grants an unconditional right to intervene in this action."). SFR has not presented sufficient reasons for the Court to deviate from this authority. In light of this near uniform caselaw, the Court is persuaded that despite not explicitly mentioning a right to intervene, the expansive authority vested on FHFA as conservator under HERA includes the right to intervene pursuant to Rule 24(a)(1).[1]

### 2. Fed. R. Civ. P. 24(b) – Permissive Intervention

Although the Court finds that HERA provides FHFA with a statutory right to intervene under Rule 24(a)(1), the Court would also permit FHFA to intervene under Rule 24(b), which permits intervention when an intervenor "has a claim or defense that shares with the main action a common question of law or fact." "FHFA seeks to intervene to assert authorities and defenses provided by federal law which clearly relate to the main action and in which FHFA has a clear interest as conservator of Fannie Mae and Freddie Mac's assets." *Hertel*, 2012 WL 48680, at *1. Accordingly, the Court finds that intervention is warranted in this case under Rule 24(a) and (b).

///

---

[1] Because the Court finds that FHFA has the right to intervene pursuant to Rule 24(a)(1), it declines to examine whether intervention is also permitted under Rule 24(a)(2).

IV.         **CONCLUSION**

**IT IS HEREBY ORDERED** that FHFA's Motion to Intervene, (ECF No. 35), is **GRANTED**.

**IT IS FURTHER ORDERED** that FHFA shall have twenty-one (28) days from the date of entry of this Order to file an Answer, Counterclaim, or other responsive pleading(s).

DATED this __10__ day of May, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT