**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, | Case No. 2:22-cv-00626-GMN-EJY |
| Plaintiff, | **PROTECTIVE ORDER** |
| vs. | |
| NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING; DOES I through X, ROE BUSINESS ENTITIES I through X, inclusive, | |
| Defendants. | |
| NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING, | |
| Counterclaimant, | |
| vs. | |
| SFR INVESTMENTS POOL 1, LLC, | |
| Counterdefendant. | |

On January 24, 2023, SFR Investments Pool 1, LLC ("SFR") served non-party, Bank of America, N.A. ("BANA") with a subpoena duces tecum. The documents requested may contain non-public personal information as that term is defined by the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809 et seq. The Court finds, after a hearing and arguments by all parties present, production of the single page document at issue is properly produced to effect the purpose of Rule 1 of the Federal Rules of Civil Procedure, and at the request of the non-party (BANA); provided, however, that production of the document is governed by this Protective Order.

1.      BANA will designate and stamp as "CONFIDENTIAL" the document BANA is producing (the "BANA Document" or the "Document"). The Court is informed the document is a single page; however, if the production is more than one page, the first and all pages produced **must** bear the confidential designation.

2.    SFR, and all parties who receive a copy of the BANA Document **must** treat the document as strictly confidential for the duration of the above captioned dispute (through resolution of appeals, if any), and may not disclose the document or the content of the document through any means (oral or written) to any persons or entities other than to counsel for the parties, paralegals, and administrative assistants working with counsel for the parties, and agreed upon party representatives all of whom are bound to the terms of this Order.  Each person to whom the BANA Document is disclosed **must** sign the Certification attached to this Order as Exhibit A.

3.    If the BANA Document is filed with the Court, it **must** be filed under seal.

4.    If the BANA Document is used in deposition, the deposition **must** be sealed commencing with the introduction of the document as an exhibit through completion of questioning regarding the subject matter contained in the BANA Document.  Any witness to whom the BANA Document is shown **must** also sign Exhibit A and will **not** be entitled to retain a copy of the Document.   The Court Reporter **must** place the Document in a separate sealed envelope and retain no copy.

5.    The BANA Document **must** be used solely for purposes of this case.

6.    If a dispute arises regarding the use or disclosure of the BANA Document, the parties **must** promptly meet and confer regarding the issue raised.  If the dispute is not resolved, the parties may either (a) call chambers for the undersigned to seek a prompt hearing at which the issues will be described and decided, or (b) file a joint statement that (i) identifies the issues in dispute, (ii) the parties' respective positions, (iii) the law in support of the positions, and (iv) dates and times the parties are available to appear before the Court.

7.    All provisions of this Order restricting the communication and use of the BANA Document **will** continue to be binding after the conclusion of this action (through an appeal), unless otherwise agreed or ordered.

8.    Upon conclusion of this dispute, the BANA Document must be returned to Bank of America or, with agreement of the parties to the action, destroyed no later than thirty (30) days after all appeals, if any, are exhausted.

9.    The terms of this Protective Order do not preclude, limit, restrict or otherwise apply to the use of the Documents at trial.

10.   Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

11.   Nothing herein is a finding by the Court that the BANA Document is necessarily relevant to the issues in dispute; rather, the Court orders discoverability for the reasons stated above.

12.   Any future appearing party is bound by the terms of this Order, a copy of which **must** be provided to such later appearing party within five (5) court days of that party's appearance on the record.

Dated this 7th day of June, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Exhibit A</u>**

I, _____, have been advised by counsel of record for

_____ in _____

of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation.  I have read a copy of the protective order and agree to abide by its terms.

_____
Signed

_____
Printed Name

_____
Date