1

2

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

3

4

SFR INVESTMENTS POOL 1, LLC,                    )
                                                )
                       Plaintiff,               )          Case No.: 2:22-cv-00626-GMN-EJY
        vs.                                     )
                                                )                    **ORDER**
NEWREZ LLC D/B/A SHELLPOINT                     )
MORTGAGE SERVICING,                             )
                                                )
                       Defendant.               )
_____)

5

6

7

8

9

10          Pending before the Court is the Motion for Judgment on the Pleadings as to the First

11  Cause of Action, (ECF No. 51), filed by Defendant and Counterclaimant Newrez LLC d/b/a

12  Shellpoint Mortgage Servicing ("Shellpoint").  Intervenor Federal Housing Finance Agency

13  joined the Motion. (Not. Joinder, ECF No. 93).  Plaintiff and Counterclaim Defendant SFR

14  Investments Pool 1, LLC ("SFR") filed a Response, (ECF No. 54), and Shellpoint filed a

15  Reply, (ECF No. 62).

16          For the reasons discussed below, the Court GRANTS Shellpoint's Motion for Judgment

17  on the Pleadings as to the First Cause of Action.

18  **I.      BACKGROUND**

19          This case arises out of Shellpoint's pursuit of foreclosure on the property located at

20  6451 Hamilton Grove Avenue, Las Vegas, NV 89122, Parcel No. 161-15-714-026 (the

21  "Property"). (Compl. ¶¶ 5, 36, ECF No. 1).  The Court previously granted SFR's Motion for

22  Preliminary Injunction and enjoined Shellpoint from continuing foreclosure proceedings on the

23  Property during the pendency of this case. (Order 10:22–24, ECF No. 22).  The Court

24  incorporates the background information about the Property from its previous Order, (ECF No.

25  22).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  Like a motion under 12(b)(6), a 12(c) motion requires the court to "accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Brooks v. Dunlop Mfg. Inc.*, No. C 10-04341 CRB, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011)).  "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming*, 581 F.3d at 925.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d).  A court may, however, take judicial notice of "matters of public record" without converting the motion to a motion for summary judgment. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).[1]

## III.     DISCUSSION

Shellpoint asks the Court to enter Judgment for Shellpoint on SFR's NRS 106.240 claim and dissolve the preliminary injunction. (Mot. Judg. Pleadings 3:20–21, ECF No. 51).  Because

---

[1] SFR appears to contend that Shellpoint's Motion should be converted to a motion for summary judgment because "Shellpoint asks this [C]ourt to rely on materials outside the pleadings." (Resp. 2:14–15, ECF No. 54). But SFR acknowledges that "[w]ith the exceptin of one exhibit (Ex. Q), the other exhibits are either recorded documents or publicly filed documents." (*Id.* 2:15–16).  That is, all but one exhibit are matters of public record. Because the Court does not rely on Ex. Q in determining the outcome of this Motion, SFR's contention is unfounded.

SFR's only other claim does not affect title to or possession of real property, Shellpoint further requests that the Court expunge the lis pendens.

A.    **SFR's First Cause of Action: NRS 106.240**

In its Preliminary Injunction Order, this Court found that "SFR [had] demonstrated a likelihood of success on the merits of its NRS 106.240 claim because the 2008 Notice of Default made the debt 'wholly due,' 10 years have passed since it was recorded, and it was not timely rescinded." (Order 6:18–20).  Shellpoint now contends that subsequent case law undermines the Court's reasoning. (*See* Mot. Judg. Pleadings 7:2–11:10).  The Court agrees.

The Nevada Supreme Court issued its unpublished disposition in *LDG Golf, Inc. v. Bank of Am., N.A.* after the Court entered the Preliminary Injunction Order. 518 P.3d 483 (Nev. 2022).  *LDG Golf* concerned a similar quiet title action "premised on NRS 106.240's 10-year limitations period" and the allegation that Notices of Default triggered the 10-year period. *Id.* at *1.  The Nevada Supreme Court concluded that a "Notice of Default was not 'so clear and unequivocal' as to 'leave [] no doubt as to [respondent's predecessor's] intention'" because the Notice of Default contained conflicting language:

> [A]lthough the 2009 Notice of Default stated that respondent's predecessor 'does hereby declare all sums secured [by the deed of trust] immediately due and payable,' the Notice also provided that the former homeowners could cure the default "upon the Payment of the amounts required by [NRS 107.080] without requiring payment of that portion of the principal and interest which would not be due had no default occurred."

*Id.*  As a result, the Nevada Supreme Court concluded that the Notice of Default did not trigger NRS 106.240's 10-year period.

The 2008 Notice of Default here, which this Court previously found triggered NRS 106.240's 10-year period, contains the same language the Nevada Supreme Court determined was too conflicting to trigger NRS 106.240. (*See* Operative NOD, Ex. 3 to Mot. Prelim. Inj.,

///

ECF No. 14-4).  In light of this new disposition from the Nevada Supreme Court, it appears that this Court's finding in its Preliminary Injunction Order cannot stand.[2]

SFR raises three arguments in response to Shellpoint's *LDG Golf* argument: (1) *LDG Golf* is unpublished and therefore non-binding; (2) *LDG Golf* "did not rule a notice of default *never* accelerates a loan, only that it does not *always*;" and (3) SFR's Complaint alleges that acceleration occurred before the recording of the 2008 Notice of Default. (Resp. 4:3–5:5).  SFR is correct on the first two points.  Nonetheless, the Ninth Circuit permits district courts to consider unpublished opinions "because they may lend support to what the Nevada Supreme Court would hold in a published decision." *U.S. Bank v. White Horse Estates Homeowners Ass'n*, 987 F.3d 858, 863 (9th Cir. 2021) (cleaned up).  And even though *LDG Golf* does not stand for the proposition that a notice of default *never* accelerates a loan, it did rule that a notice of default with language *identical* to the notice of default at hand cannot accelerate a loan. Indeed, the 2008 Notice of Default here contains the exact language language the Nevada Supreme Court found too conflicting to trigger NRS 106.240.  Thus, the Court finds this unpublished authority from Nevada's highest court rather persuasive here.

As to SFR's third point, the Complaint does not adequately allege acceleration prior to the recording of the 2008 Notice of Default.  The Complaint alleges that "all sums secured by the Deed of Trust were accelerated prior to but in no event later than July 29, 2008," the day the 2008 Notice of Default was recorded. (Compl. ¶¶ 9, 12, 31).  The basis for acceleration predating the 2008 Notice of Default appears to be unrecorded notices sent to the borrower. (*Id.* ¶ 14).  But "an unrecorded notice cannot trigger [NRS 106.240]." *Daisy Tr. v. Fed. Nat'l Mortg. Ass'n*, No. 21-15595, 2022 WL 874634, at *1 (9th Cir. Mar. 24, 2022).  To the extent

---

[2] Shellpoint raises several alternative arguments in its Motion for Judgment on the Pleadings. (*See* Mot. Judg. Pleadings 11:13–24:2).  Because the Court GRANTS the Motion based on Shellpoint's argument that subsequent case law demonstrates that the 2008 Deed of Trust did not trigger the 10-year period, the Court need not address alternative arguments for dismissing SFR's first cause of action.

SFR argues that the Deed of Trust itself triggered the 10-year period, the Court is unable to find such an allegation in the Complaint.  Moreover, even if SFR plead that the Deed of Trust triggered the 10-year period, the Deed of Trust itself recognizes the Borrower's reinstatement right, creating the same friction with *LDG Golf* discussed above. (*See* Deed of Trust ¶ 11, Ex. B to Mot. Judg. Pleadings, ECF No. 51-2).  Accordingly, the Court DISMISSES SFR's first cause of action with prejudice.

### B.    Dissolving the Preliminary Injunction

"A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) (quoting *Sharp v. Weston*, 233 F.3d 1166, 1169–70 (9th Cir. 2000)).  Shellpoint has established that a change in law undermines the Court's reasoning in the Preliminary Injunction, warranting dissolution of the injunction.[3]  Having dismissed SFR's quiet title claim, there is "no longer any basis" for enforcing the injunction. *See Finkel v. Cashman Pro., Inc.*, 270 P.3d 1259, 1265 (Nev. 2012).[4]

### C.    Expunging the Lis Pendens

Upon commencing this action, SFR recorded a lis pendens against the Property. (Not. Lis Pendens, ECF No. 4).  A lis pendens, or notice of the pendency of an action, applies to actions affecting the title or possession of real property. NRS 14.010(1).  A court must order the cancellation of the notice of pendency if the court finds that the party who recorded the notice of pendency of the action has failed to establish that a likelihood of prevailing on the merits, and that if the party prevails, he or she will be entitled to relief affecting the title or possession of the real property. *Id.* 14.015(5).  Here, the Court dismisses SFR's quiet title claim, so SFR

---

[3] SFR did not respond to Shellpoint's argument that the Preliminary Injunction should be dissolved. (*See generally* Resp.).

[4] SFR's remaining claim is for a violation of NRS 107.200 *et seq.*, which is a claim for monetary damages.

will not succeed on the merits on this claim.  SFR's sole remaining claim, violation of NRS 107.200 *et seq.*, is a claim for money damages and does not affect the title or possession of real property.  Accordingly, the Court agrees with Shellpoint that the lis pendens must be expunged.[5]

## V.   CONCLUSION

**IT IS HEREBY ORDERED** that Shellpoint's Motion for Judgment on the Pleadings as to the First Cause of Action, (ECF No. 51), is **GRANTED**.

**IT IS FURTHER ORDERED** that SFR's First Cause of Action for Quiet Title under NRS 40.010 is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the Preliminary Injunction, (ECF No. 22), is **HEREBY DISSOLVED**.

**IT IS FURTHER ORDERED** that the notice of pendency is **CANCELLED**.  This cancellation has the same effect as an expungement of the original notice.

**IT IS FURTHER ORDERED** that SFR shall record a copy of this Order of cancellation with the county recorder.

**DATED** this __29__ day of June, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[5] SFR did not respond to Shellpoint's argument that the lis pendens should be expunged. (*See generally* Resp.).